LONG PRARIE PACKING CO., Plaintiff,

v.

MIDWEST EMERY FREIGHT SYSTEM, INC. and Colonial Provision Company, Inc., Defendants.

Civ. A. No. 76–560–C.

United States District Court,
D. Massachusetts.

Feb. 23, 1977.

Wesley S. Chused, Law Offices of Frank J. Weiner, Boston, Mass., for plaintiff Long Prarie Packing Co.

Thomas D. Burns and Polly S. Stevens, Burns & Levinson, Boston, Mass., for defendant Midwest Emery Freight System, Inc.

Grover H. Nix, III, and Edmund C. Case Widett, Widett, Slater & Goldman, P. C., Boston, Mass., for defendant Colonial Provision Corp., Inc.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action commenced by Long Prarie Packing Co. (Long Prarie), a Minnesota corporation, which is engaged in the business of selling meat and meat products at wholesale. The defendants are Midwest Emery Freight System, Inc. (Midwest), an Illinois corporation which is a common carrier by motor truck in interstate commerce, and Colonial Packing Co. (Colonial), a Massachusetts corporation engaged in the wholesale distribution of meat and meat products. Jurisdiction is claimed under 28 U.S.C. § 1337 for a cause of action allegedly arising under the Carmack Amendment, 49 U.S.C. § 20(11).

Plaintiff's claim against Midwest is for an alleged breach of its duty to use reasonable dispatch in transporting a shipment of boneless beef tendered to Midwest in good condition by plaintiff, and for failure to use reasonable care in protecting the shipment

from spoilation while in transit. Plaintiff's claim against Colonial is for alleged wrongful rejection of the shipment upon its arrival in Boston.

The matter came before this Court on defendant Colonial's motion under Rule 12(d) of the Federal Rules of Civil Procedure to dismiss the claim against it on the ground that the Court lacks subject matter jurisdiction over the claim against Colonial. The motion was briefed and argued by counsel.

Long Prarie contends that its claim against Colonial is one which arises under 49 U.S.C. § 20(11), an act of Congress regulating commerce, and alternatively, that its cause of action, if not arising under that statute, is ancillary to or pendent upon its statutory claim against Midwest. Plaintiff's theory against Colonial is, in effect, that since a common carrier is liable to the lawful holder of a bill of lading for any damage to the property it receives which is described in that bill of lading, and that since Colonial as a consignee is bound by the terms of the bill of lading issued by the carrier, it is also bound by the duty enunciated in 49 U.S.C. § 20(11). Therefore, plaintiff argues that there is a federal cause of action available to a consignor against a consignee because of the consignee's wrongful rejection of a tendered shipment.

■ Whether a cause of action "arises under" an act of Congress for purposes of establishing subject matter jurisdiction under 28 U.S.C. § 1337, is tested by a two-part formula. It must appear either (1) that the complaint seeks a remedy granted or properly inferable from a statute regulative of commerce, or (2) that the suit hinges on the interpretation of such a statute. *E. g., Garrett v. Time-D.C., Inc.*, 502 F.2d 627 (9 Cir. 1974), *cert. denied* 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975); *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2 Cir. 1964), *cert. denied* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965). The narrow question presented here is whether a cause of action by a consignor against a consignee is "prop-

erly inferable" from the Carmack Amendment.

■ The Carmack Amendment is merely the codification of certain well-established common law principles stemming from the basic recognition that every party to a transaction who has a chance to do so must mitigate whatever damages are incurred by another party thereto. *Fraser-Smith Co. v. Chicago Rock Island & Pacific R. Co.*, 435 F.2d 1396, 1399 (8 Cir. 1971). While it is a duty incumbent upon a consignee to accept delivery of goods that have been damaged in transit, *e. g., F. J. McCarthy, Inc. v. Southern Pacific Co.*, 289 F.Supp. 875 (N.D.Cal.1968), that duty is owed only to the carrier and is not owed to the consignor. As is pointed out in the *Fraser-Smith* case, *supra*, this duty is predicated upon very practical considerations such as recognition of the fact that a consignee will often be a dealer or trader in the type of goods involved and thus may be in a much better position to dispose of those damaged goods than the carrier who is not in the business of buying and selling the type of goods involved.

■ The relative rights between the consignor and consignee pertaining to obligation to accept goods are completely defined by the applicable Uniform Commercial Code. Any cause of action that Long Prarie may have against Colonial for wrongful rejection of the meat under Sections 2–601 *et seq.* of the Uniform Commercial Code is not "properly inferable" from the Carmack Amendment which only defines rights and liabilities between consignors, consignees and shippers. If Congress wishes to regulate this aspect of interstate commerce, it may do so but, to date, it has not chosen to do so.

■ There remains the question whether this Court can or should exercise jurisdiction on the ground that Long Prarie's claim is one which is ancillary to or pendent upon its primary claim against Midwest. Such an exercise of pendent jurisdiction over Colonial, a party as to whom no independent basis of federal jurisdiction exists herein, is foreclosed by the reasoning in the recent

Supreme Court opinion in *Aldinger v. How-ard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). The *Aldinger* ruling was limited to civil rights cases in which the basis of federal jurisdiction was founded on 28 U.S.C. § 1343(3), but the opinion provides guidance to a Court in applying the doctrine of pendent jurisdiction.

From *Aldinger* we may deduce that there is a "serious obstacle to the exercise of pendent jurisdiction" as to a defendant such as Colonial which is not otherwise subject to federal jurisdiction. The Court also has in mind that the Carmack Amendment has been part of the federal statutory scheme regulating commerce for many years, during which time, the Congress has refrained from undertaking to legislate as to the rights and duties between consignor and consignee which relationship traditionally has been governed by State law. By not moving in this area Congress, by implication, has negated the existence of pendent jurisdiction.

Accordingly, this Court is of opinion that it should not exercise its discretion favorably to the acceptance of Long Prarie's claim against Colonial on the basis of the doctrine of pendent jurisdiction. An Order will enter allowing the defendant Colonial's motion to dismiss on the grounds of lack of subject matter jurisdiction.