Terrence **SKINNER**, d/b/a Skinner Construction Co., Plaintiff,

v.

**AMERICAN OIL CO.**, a/k/a Amoco Oil Co., et al., Defendants.

Civ. No. 77–256–1.

United States District Court, S. D. Iowa, C. D.

May 11, 1979.

Ross H. Sidney, Henry A. Harmon and Mark J. Wiedenfeld, Grefe & Sidney, Des Moines, Iowa, Mike Travis, Bedford, Iowa, for plaintiff.

L. R. Voigts of Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, Iowa, for defendant American Oil Co.

Eugene Davis and Robert C. Rouwenhorst, Des Moines, Iowa, for defendant Hertz Farm Management, Inc.

## MEMORANDUM OPINION AND ORDER

STUART, Chief Judge.

The above-captioned case was commenced on August 10, 1977, in Polk County District Court, seeking to recover the value of a bulldozer destroyed when it struck one of defendant American Oil Co.'s [Amoco] pipelines and a rupture and fire ensued. De-

fendant Amoco filed a petition for removal on August 30, 1977, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, alleging diversity of citizenship. Plaintiff is a resident of the State of Iowa, while defendant Amoco is a Maryland corporation with its principal place of business in Illinois. Defendant's answer and counterclaim were subsequently filed on September 12.

On July 17, 1978, plaintiff moved to amend its complaint, joining an additional party defendant, Hertz Farm Management, Inc. [Hertz]. Leave was granted on July 28, 1978. Plaintiff alleges that defendant Hertz managed the property under which defendant Amoco's pipeline was laid and that Hertz negligently failed to apprise plaintiff of the location, depth or state of maintenance of the pipeline before it undertook the landscaping, bulldozing and cultivating work for which it had been retained, resulting in the aforementioned rupture and explosion. The instant motions before the Court arise out of Hertz's joinder in this action.

Hertz filed its motion to dismiss for lack of jurisdiction on August 18, 1978. It contends that plaintiff's petition shows on its face that the requisite diversity is not present to convey jurisdiction since both plaintiff and Hertz are citizens of the State of Iowa. Plaintiff filed a resistance on August 28, 1978, claiming this is an appropriate case for the exercise of this Court's pendent jurisdiction over Hertz. Alternatively, plaintiff seeks a remand of the entire matter to state court so that it can be resolved in one proceeding. Hertz's resistance to plaintiff's motion to remand followed on October 10, 1978, and plaintiff's motion to strike Hertz's resistance was filed on October 17, 1978. Defendant Amoco has not chosen to take part in any of the pending motions.

This case presents difficult questions concerning pendent party jurisdiction and this Court's power to hear a state claim against a nondiverse defendant within the confines of a simple diversity action, concepts which have aroused considerable judicial controversy. After careful consideration, the Court concludes that recent Supreme Court pronouncements dictate a conservative approach discouraging the exercise of pendent jurisdiction in cases such as this despite the loss in judicial economy, and will, therefore, grant defendant Hertz's motion to dismiss.

■ The doctrine of pendent jurisdiction, as initially conceived, was applied only in cases in which a federal question formed the basis of the court's jurisdiction. Under the pendent claim approach, a plaintiff may seek to have a federal court hear a state claim which shares a "common nucleus of operative fact" with a federal question action between the same parties. *United Mine Workers v. Gibbs*, 383 U.S. 715, 727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ The exercise of pendent jurisdiction also calls into play certain discretionary considerations. Having determined the power exists to hear a pendent matter, the presiding court must then consider such factors as (1) judicial economy, (2) fairness to the litigants, (3) convenience to the parties and witnesses, and (4) the existence of unified legal theories of relief. Acceptance of pendent jurisdiction is generally deemed inappropriate where the federal court would be called upon to resolve difficult questions of state law for which there is little or no state authority or where the effect of combining the several claims and defenses of the parties would unduly complicate the case for the jury and the Court. *United Mine Workers v. Gibbs, supra* ; *Moor v. County of Alameda*, 411 U.S. 693, 712, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

Although pendent claim jurisdiction is the most widely recognized and frequently used form of pendent jurisdiction, a number of courts have also exercised pendent jurisdiction over parties who fail to satisfy all the applicable jurisdictional requirements in a given case. *See Jacobsen v. Atlantic City Hospital*, 392 F.2d 149 (3rd Cir. 1968); *Stone v. Stone*, 405 F.2d 94 (4th Cir. 1968) (Jurisdictional amount had not been met); *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809 (8th Cir. 1969). This latest variant of the pendent jurisdiction doctrine is known as "pendent party" jurisdiction

and may be distinguished from pendent claim jurisdiction in that it requires the joinder of an ancillary party for its resolution, in addition to involving a state claim appended to the action premised on an independent source of federal jurisdiction.[1]

While early expansion of the pendent party jurisdiction concept was primarily limited to cases where the pendent party, though diverse, could not meet the jurisdictional amount requirement, several courts proceeded to take what they viewed as the next logical step: extending pendent party jurisdiction to encompass a nondiverse defendant. See *Campbell v. Triangle Corp.*, 336 F.Supp. 1002 (E.D.Pa.1972); *Wittersheim v. General Transportation Services, Inc.*, 378 F.Supp. 762 (E.D.Va.1974); *Rieser v. District of Columbia*, 183 U.S.App.D.C. 375, 563 F.2d 462 (1977), *vacated as to jurisdictional holding and aff'd in part on rehearing*, 188 U.S.App.D.C. 384, 580 F.2d 647 (1978).

The Supreme Court, however, has refused to expressly grant this version of pendent party jurisdiction its imprimatur and recent holdings may imply a rejection of the doctrine in favor of strict adherence to the principle of complete diversity. In *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), the Supreme Court assumed *arguendo* that pendent party jurisdiction was proper, noting that most circuit courts had approved its exercise while only one had disapproved. It went on to hold, however, that the district court's refusal to exercise pendent party jurisdiction over the plaintiff's claim against the defendant county in that case was not an abuse of discretion. (The Court also held that diversity jurisdiction did not exist since under the applicable state law the county

was not deemed a "citizen" of the state and that the county was not a "person" subject to suit under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.)

In *Aldinger v. Howard*, 427 U.S. 1, 2, 96 S.Ct. 2413, 2415, 49 L.Ed.2d 276 (1976), the Court again addressed itself to "the 'subtle and complex question with far-reaching implications,' alluded to but not answered in *Moor v. County of Alameda* and *Philbrook v. Glodgett* [citations omitted]: whether the doctrine of pendent jurisdiction extends to confer jurisdiction over a party as to whom no independent basis of federal jurisdiction exists." The case again involved a civil rights suit under §§ 1343(3) and 1983 against a county and its officials, with the plaintiff arguing the court had pendent party jurisdiction over the county. The Supreme Court devised a statutory interpretation-based test to be used in assessing similar jurisdictional arguments and concluded that the exercise of pendent jurisdiction was improper in that case.

Although the Court's holding was expressly limited to § 1983 suits, the Court did generally observe that:

> [i]f the new party sought to be [impleaded] is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if the parties already before the court are required to litigate a state-law claim. Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.

*Aldinger v. Howard, supra*, at 18, 96 S.Ct. at 2422. Thus, it is clear that beyond mak-

---

1. "In the pendent *claim* context, the anchoring claim is not one based on diversity, for if it were, the diversity of the only two litigants involved would itself support federal jurisdiction to hear any state claims. Under pendent *party* theory, a diversity anchor claim is possible. Where a party as well as a state claim is being appended, diversity between the two original parties is not alone sufficient to support the state action because the requirement of complete diversity is destroyed by the addi-

tion of a new, nondiverse party. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Pendent party theory is thus needed to overcome the absence of complete diversity." *Ayala v. United States*, 550 F.2d 1196, 1198, n. 2, 3 (9th Cir. 1977) (holding that Article III prohibits pendent party jurisdiction); *cert. granted*, 434 U.S. 814, 98 S.Ct. 50, 54 L.Ed.2d 70 (1977), *dismissed pursuant to Rule 60*, 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978).

ing the constitutionally minimum finding that the federal and nonfederal claims asserted meet the *Gibbs* test of "arising out of a common nucleus of operative fact," the Court must also examine the posture in which the nonfederal claim is asserted and the specific underlying jurisdictional statute, to determine whether the exercise of jurisdiction over that nonfederal claim has been congressionally negated, either expressly or by implication. *See also Fawvor v. Texaco, Inc.*, 546 F.2d 636 (5th Cir. 1977); *Aldamuy v. Pirro*, 436 F.Supp. 1005 (N.D.N.Y.1977); *Long Prarie Packing Co. v. Midwest Emery Freight System*, 429 F.Supp. 201 (D.Mass.1977); *Kack v. United States*, 570 F.2d 754, 757, n. 4 (8th Cir. 1978). *But see Pearce v. United States*, 450 F.Supp. 613 (D.Kansas 1978) (in action against United States under Federal Tort Claims Act, court exercised pendent party jurisdiction over private hospital as to which no independent basis of jurisdiction existed).

The most recent United States Supreme Court discussion of pendent party jurisdiction came in the case of *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), where the Court held that pendent party jurisdiction did not extend to authorize hearing a plaintiff's state law tort claims against a nondiverse third-party defendant. Following the *Aldinger* rationale, the Court focused upon 28 U.S.C. § 1332(a)(1), the general diversity jurisdiction statute, and reaffirmed the long-standing requirement of complete diversity as a prerequisite to asserting a claim.

> Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity. Whatever may have been the original purposes of diversity of citizenship jurisdiction, this subsequent history clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant. [citation omitted] [T]hus it is clear that the [plaintiff] could not originally have brought suit in federal court naming [the nondiverse third-party defendant] and [the original diverse defendant] as codefendants, since citizens of Iowa would have been on both sides of the litigation. Yet the identical lawsuit resulted when she amended her complaint. Complete diversity was destroyed just as surely as if she had sued [the third-party defendant] initially. In either situation, in the plain language of the statute, the 'matter in controversy' could not be 'between . . . citizens of different States.' [I]t is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded.

*Owen Equipment & Erection Co. v. Kroger, supra*, at 373–74, 98 S.Ct. at 2403.

▮ Although the *Kroger* case is factually distinguishable from the instant case in that it involved a claim against a third-party defendant and plaintiff voluntarily invoked federal jurisdiction, the Court believes its mandate is clear. The diversity jurisdiction statute, which forms the basis of this action, is to be strictly construed to require that *each* defendant be a citizen of a different state from *each* plaintiff. The use of pendent party jurisdiction to circumvent the complete diversity requirement would be a subversion of that principle and would "simply flout the congressional command." *Owen Equipment & Erection Co. v. Kroger, supra*, at 377, 98 S.Ct. 2396. Defendant Hertz's motion to dismiss for lack of jurisdiction will, therefore, be granted.

▮ Having granted defendant's motion to dismiss, the Court must next consider plaintiff's alternative motion to remand. In support of his motion, plaintiff argues that the state law concepts which control the resolution of this case can be capably administered by the state courts and that a remand will not prejudice defendant Amoco. The Court agrees with plaintiff that the claims asserted herein against these defendants lend themselves to disposition in a single action, rather than being tried piece-

meal in two different courts. Unfortunately, however, remand to the Polk County District of the remaining claim against defendant Amoco would not comport with the relevant statutory directives set forth in 28 U.S.C. § 1447(c). Plaintiff's motion will, therefore, be denied.

Section 1447(c) provides, in part, that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." Although the standard contained in § 1447(c) is stated in the conjunctive, implying that the district court must find *both* improper removal *and* a lack of jurisdiction, the section has been construed to authorize remand where a case has been improvidently removed even though the defect was not jurisdictional. *See, e. g., London v. United States Fire Ins. Co.*, 531 F.2d 257, 260 (5th Cir. 1976) (untimeliness of removal petition under § 1446(b)); *Robertson v. Ball*, 534 F.2d 63, 65, n. 2 (5th Cir. 1976); *Manas y Pineiro v. Chase Manhattan Bank, N. A.*, 443 F.Supp. 418, 421–22 (S.D.N.Y.1978) (remand within court's discretion on basis of judicial economy, comity and prejudice). However, remand on grounds other than those expressly enunciated in § 1447(c) will subject the district court's action to appellate review and the possible issuance of a writ of mandamus. *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). *See generally*, 14 Wright & Miller, *Federal Practice & Procedure*, §§ 3739–40, at 755–70 (1976).

In this case, the Court is unable to say either (1) that plaintiff's action against Amoco was improvidently removed or (2) that it lacks jurisdiction to hear the instant claim. The cause asserted between plaintiff and Amoco is between citizens of different states and involves a claim in excess of $10,000, exclusive of interest and costs. As such, it falls within the diversity jurisdiction of this Court and could, in fact, have originally been brought here pursuant to 28 U.S.C. § 1332. The record reveals nothing which would indicate the removal herein failed to comply with the requirements of 28 U.S.C. § 1446 or that there was any statutory provision forbidding removal. The fact that plaintiff attempted to join a nondiverse defendant following removal is irrelevant for purposes of the instant motion to remand.[2] This Court will look solely at the pleadings as they existed at the time of removal. "Once a case has been properly removed a Plaintiff cannot successfully do anything to defeat federal jurisdiction and force a remand." *Barrett v. McDonald's of Oklahoma City*, 419 F.Supp. 792, 793 (W.D. Okl.1976); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Hatridge v. Aetna Casualty & Surety Co., supra.* Since it appears that jurisdiction exists over the case as originally commenced and removed, and that the removal herein comports with the requirements and restrictions of the removal statute, this Court cannot conscientiously remand.

IT IS THEREFORE ORDERED that defendant Hertz's motion to dismiss for lack of jurisdiction shall be and the same is hereby granted.

IT IS FURTHER ORDERED that plaintiff's motion to remand shall be and is hereby denied.

IT IS FURTHER ORDERED that plaintiff's motion to strike shall be and the same hereby is denied as moot.

---

2. The motion to add a party and amend, which was not resisted, was improvidently granted under Fed.R.Civ.P. 19 because the lack of complete diversity created thereby would deprive this court of jurisdiction. *Jacks v. Torrington Company*, 256 F.Supp. 282, 287 (D.S.C.1966); *Williams v. Missouri-Pacific R. R. Co.*, 24 F.R.D. 14 (S.D.Texas 1959).