**William C. McARTHUR, Plaintiff,**

**v.**

**Tommy ROBINSON, Individually and in his official capacity as Sheriff of Pulaski County, and Larry Dill, Individually and in his official capacity as Deputy Sheriff of Pulaski County, Arkansas, Defendants.**

**No. LR–C–83–93.**

United States District Court,
E.D. Arkansas, W.D.

July 22, 1983.

See also, D.C., 98 F.R.D. 672.

**394**

Philip E. Kaplan, Kaplan, Hollingsworth & Brewer, Wm. R. Wilson, Jr., Wilson & Engstrom, Little Rock, Ark., for plaintiff.

James M. Sayes, of Tom Forest Lovett, P.A., Little Rock, Ark., Robert L. Roddey, Wallace, Hilburn, Clayton, Calhoon & Forster, Ltd., North Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

William C. McArthur, a prominent Little Rock attorney, filed suit in this Court on February 2, 1983, against Tommy Robinson, the Sheriff of Pulaski County, Arkansas, and Larry Dill, a Deputy Sheriff. It is alleged that the Sheriff and Deputy Sheriff, acting under color of state law and in their official capacities, beginning on or before August 30, 1982, unlawfully conspired between themselves and others to deprive the plaintiff of "fundamental rights secured to him and other citizens under the United States Constitution." Plaintiff alleges that on August 30, 1982, the defendants caused his arrest without a warrant on a charge of conspiracy to commit capital felony murder in connection with the death of plaintiff's wife, Alice McArthur, who had, a few months before, been found in the couple's home brutally slain. Plaintiff claims that, in addition, on January 30, 1983, without adequate probable cause to support a criminal charge and without adequate investigation, the defendants again caused the arrest of McArthur on a charge of criminal conspiracy to commit capital felony murder in connection with an alleged plot to kill Sheriff Robinson.

It is alleged in the complaint that defendants' actions deprived plaintiff McArthur of certain rights secured by the Fourteenth Amendment to the United States Constitution and that, thus, this Court has jurisdiction under the provisions of 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. § 1343(3) and (4). Plaintiff prays for: a declaratory judgment declaring that the actions of the defendants have violated plaintiff's constitutional rights; for an injunction restraining the defendants from committing future acts violating his rights; for an award of monetary judgment in his favor, both compensatory and punitive, in an amount to be determined by the proof; and for costs, attorneys' fees and expenses incurred.

On June 14, 1983, the plaintiff filed a motion to amend complaint and a proposed amended and substituted complaint. The proposed amended complaint seeks to add as additional plaintiffs the two minor children of William C. McArthur and the deceased Mrs. McArthur. The children are Robyn, age 12, and William, age 9. In addition to the joinder of the two additional plaintiffs, the amended and substituted complaint would add the following allegations:

15. The aforesaid willful, wanton, reckless and intentional acts on the part of these Defendants have inflicted emotional distress on the minor children of Alice and William C. McArthur, Robyn (age twelve years) and William (age nine years). The aforesaid actions by these defendants constitute the tort of outrage against these children. The children are entitled to damages, both compensatory and punitive, against these Defendants in an amount which the proof will demonstrate at trial.

Defendants have objected to the addition of the minor children as plaintiffs and to the added cause of action on a number of grounds. The Court agrees, and finds that the minor children should not be added to this action for the reasons set forth below.

The cause of William C. McArthur is a rather standard section 1983 action, although it admittedly contains a number of unusual features. However, the parties are all citizens of Arkansas, so the only basis on which this Court has jurisdiction of this case is that it is brought under the provisions of 42 U.S.C. § 1983, a statute which when read in conjunction with 28 U.S.C. § 1343, establishes federal court jurisdiction in cases brought by an individual seeking redress for alleged violations of his constitutional rights. Clearly, the Court would not, absent some theory of pendent jurisdiction, have jurisdiction of the claims of the minor children, since their alleged claim is clearly a state claim based upon state law. The plaintiff has not attempted to allege that the children's cause of action arises under the provisions of section 1983, but even if he did, the law clearly is that a plaintiff, in order to fall within the provisions of this statute, must allege that his civil rights have been violated under color of state law, not the civil rights of another person.

Federal courts were intended by the drafters of the United States Constitution to be courts of limited jurisdiction. The courts of general jurisdiction were to be the state courts. As the United States Supreme Court said in *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971):

> Due regard for the rightful independence of state governments, which should actuate federal courts, require that those courts scrupulously confine their own jurisdiction to the precise limits that a federal statute has defined.

As is said in 13 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3522 at p. 45:

> ... the rule is well settled that the parties seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of that court. The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that

jurisdiction over the subject matter exists.

As the United States Supreme Court said in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976):

> Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Article III permits it, but that Congress in the statute conferring jurisdiction has not expressly or by implication negated its existence.

In the Court's view, this Court does not have subject matter jurisdiction of the alleged claim of the minor children. As indicated, their claim is a state claim and should be pursued in state court. It should be noted that this is not a situation in which one of the parties already before the Court making claims of which the Court does have subject matter jurisdiction is asking that the Court also accept or retain a pendent claim. This is a situation in which not only is it asked that the Court accept jurisdiction of a state claim on some kind of pendent jurisdiction theory, but, in addition, that the Court accept jurisdiction of two individuals who are not parties to the action and who do not even allegedly have any federal claim or other basis for federal court jurisdiction.

The landmark case on the question of pendent jurisdiction is the 1966 case of the *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In that case, it is said that the federal court has pendent jurisdiction of the second claim if: (1) it arises out of the same nucleus of operative facts as does the first claim; and (2) the claims are of such nature that a plaintiff ordinarily would be expected to try them both in the same proceedings. However, the question of whether existing pendent jurisdiction should be exercised in a given case is one that addresses itself to the discretion of the court. In that regard, the Court said, at p. 726, 86 S.Ct. at 1139:

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that

pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedies sought, the state claim may be dismissed without prejudice and left for resolution to state tribunals.

The Court indicated that "there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial." It noted that, in such circumstances, jurisdiction should ordinarily be refused.

In this case, test number one of the *Gibbs* tests may be met because it is at least arguable that the children's claim arose out of the same nucleus of operative facts as that of their father. However, test number two requires, in order for the Court to have pendent jurisdiction, that the "claims are of such nature that a *plaintiff* ordinarily would be expected to try them both in the same proceedings." It should be noted that in this case the plaintiff, William McArthur, does not seek to attach to his federal action a pendent state claim which he has, but the children, separate and distinct parties, are attempting to attach their claim to this action and have the Court accept jurisdiction of it even though, absent their father's federal claim, the Court would not even arguably have jurisdiction.

The *Gibbs* court indicated that the trial court might, in exercising its discretion in deciding whether to accept a pendent claim, consider whether such claim might, because of divergent legal theories of relief, confuse the jury. The Court believes that that is a definite possibility in this case. As indicated, William McArthur's claim is a rather straightforward (although the facts are complicated) section 1983 civil rights action. On the other hand, the claim of the children is a claim for emotional distress brought on by the actions that were taken against their father and is based upon the relatively new theory of the tort of outrage. Thus, the

minors' claim is not a simple "intentional infliction of mental distress" claim since it involves acts directed at another, not the minors themselves. There is some doubt whether, under the tort of outrage as it has developed, the children even have a cause of action. As Prosser notes in his work:

> The decisions indicate that recovery in such (third party) cases is limited to plaintiffs who are not only present at the time, but are known by the defendant to be present, so that the mental effect can reasonably be anticipated by the defendant.

Prosser, *Law of Torts,* § 12 at p. 53 (4th Ed.1971).

■ The emotional distress caused must be fright, horror, grief, shame, humiliation, anger, embarrassment, chagrin, disappointment, worry, or nausea so severe that no reasonable person could be expected to endure it. *M.B.M. Co., Inc. v. Counce,* 268 Ark. 269, 596 S.W.2d 681. The conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized society. *Id.* at 280, 596 S.W.2d 681.

Let us hasten to say that the Court is not ruling that the children would not have a cause of action under the theory of a tort of outrage, since that issue is not before the Court, but we believe that it is significant to point to the proof necessary in such a cause of action in order to show that the claim of the children is totally distinct and different from that of their father and that there is a great deal of possibility and perhaps probability that the jury would not be able to distinguish the two causes of action and would undoubtedly be confused in attempting to treat divergent legal theories and very different measures of proof. Thus, the Court believes that it becomes clear, when these matters are considered, that, based on the *Gibbs* decision, *supra,* the Court should decline to allow the addition of the McArthur children to this lawsuit.

In addition, there is a great deal of doubt that Article III of the United States Constitution and the statute granting jurisdiction

to federal courts allows "pendent parties." As indicated in Wright & Miller, *Federal Practice and Procedure: Jurisdiction* § 3567 at p. 456, prior to *Gibbs,* all courts were in agreement that pendent jurisdiction was available only if the supposedly pendent claim involved the same parties as the federal claim on which jurisdiction was based. As that article indicates, subsequent to *Gibbs,* the opinions of the various federal courts have diverged. However, as the authors of that article state:

> Although *Gibbs* abandoned the "cause of action" test laid down in *Hurn* [*v. Oursler,* 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148], it emphasized that a court has power to entertain a pendent claim only if all the claims comprise "but one constitutional case" and are such that, as a matter of *res judicata,* a plaintiff ordinarily would be expected to try them in one judicial proceedings. (citing cases). These requirements would hardly seem to be met if additional parties are present on the pendent claim that are not part of the jurisdiction-conferring claim. Thus, even after *Gibbs* a number of courts have continued to apply the rule that pendent jurisdiction exists only if the same parties are involved.

The Court believes that that is the better rule, and even if it felt that this was a case in which the Court should exercise its discretion to accept pendent jurisdiction, the Court believes that it would be prohibited from doing so because, in order to accept jurisdiction, the Court would not only have to accept the theory of "pendent claims jurisdiction," but also of "pendent party jurisdiction." Since the Court believes that the better rule is that this is not permitted, even after *Gibbs, supra,* the Court would decline to do so, even absent the problems discussed above.

As defendants point out in their brief, it is even more doubtful that a court should accept pendent parties in a civil rights case. In *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Court at least implied that pendent party jurisdiction is not available in civil rights actions

brought pursuant to section 1983 and 28 U.S.C. § 1343. *Aldinger* was a section 1983 action against the county based on wrongful discharge, along with a state claim against the county. Since *Monell v. City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), had not yet been decided, "counties" were not "persons" within the meaning of section 1983, and the Court held that since Congress intended not to confer jurisdiction under section 1983 over suits against counties, no state claim could subvert the rule.

Since the *Aldinger* decision, it has become relatively well settled that "pendent party jurisdiction" is unavailable in civil rights actions. *Hupart v. Board of Higher Education of the City of New York,* 420 F.Supp. 1087, 1104, (S.D.N.Y.1976); *see, e.g., Finch v. Mississippi State Medical Association, Inc.,* 585 F.2d 765, 780 (5th Cir. 1978); *Long Prairie Packing Co. v. Midwest Emery Freight System,* 429 F.Supp. 201, 203–204 (D.Mass.1977); *Watkins v. Roche,* 529 F.Supp. 327, 332–333 (S.D.Ga.1981).

In the *Finch* case, *supra,* the Court of Appeals for the Fifth Circuit unequivocally held:

> *Aldinger v. Howard, supra,* clearly holds that there is no federal jurisdiction over pendent *parties* in a § 1983 suit, only pendent *claims.* The Supreme Court affirmed the dismissal of parties who were in the suit only because of state law claims against them.

The Court finds that because William McArthur's claim is a section 1983 action, this Court does not have jurisdiction over the "pendent parties" (the McArthur children), so the Court will decline to allow the addition of the children to the lawsuit for this additional reason.

An order will be entered denying plaintiff's motion to amend, adding the children and the children's claim.