**DISTRICT OF COLUMBIA, Plaintiff,**

v.

**L. B. SMITH, INC. OF VIRGINIA, et al., Defendants.**

**C.A. No. 79–1693.**

United States District Court, District of Columbia.

Aug. 8, 1979.

Judith W. Rogers, Corp. Counsel, John H. Suda, James J. Stanford, Washington, D. C., for plaintiff.

Stuart Rothman, George C. Smith, Washington, D. C., Jerome B. Pederson, Minneapolis, Minn., for defendants.

## MEMORANDUM

CHARLES R. RICHEY, District Judge.

This case, which was originally removed from the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1441(a), is now before the Court on plaintiff's motion to remand to the original forum. The District of Columbia ("the District") initiated this action in the Superior Court against L. B. Smith, Inc., a Virginia Corporation, and RayGo, Inc., a Minnesota Corporation; the District seeks to recover $750,000 which it claims to have lost when two landfill compactors, manufactured and sold by the defendants, caught fire and burned. After the initiation of the suit, the defendants sought removal to the United States District Court for the District of Columbia under the theory that this Court possessed subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332(a)(1). Verified Petition for Removal ¶ 2 (filed June 29, 1979). The District now moves for a remand; it submits that diversity jurisdiction is wanting. The Court is persuaded that subject matter jurisdiction is not present and, accordingly, it shall grant plaintiff's motion.

## I.

### THERE IS NO DIVERSITY JURISDICTION OVER SUITS BETWEEN THE DISTRICT OF COLUMBIA AND THE CITIZENS OF THE VARIOUS STATES

Plaintiff's motion calls for this Court to determine whether diversity jurisdiction exists over a suit between the District of Columbia, as a municipal corporation, and two defendants who reside outside the District. The precise status of the District for the purpose of determining diversity jurisdiction is a matter which the Court of Appeals for this Circuit has yet to resolve. See Rieser v. District of Columbia, 188 U.S. App.D.C. 384, 390, n.7 & 391, 580 F.2d 647, 653 n.7 & 654 (1978) (en banc), vacating in part 563 F.2d 462 (1977); id. at 658 (MacKinnon, J., concurring). In order to resolve this question, the Court must ascertain whether the District of Columbia bears a greater similarity to a municipal corporation than to one of the states. Because the Court finds the analogy to a state more appropriate, it concludes that it is without diversity jurisdiction over this action.

Section 1332(a)(1) of title 28, United States Code, grants federal courts subject matter jurisdiction over the following suits:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

Subsection (d) of section 1332 provides:

(d) The word "States," as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.

Thus, a suit between a citizen of the District of Columbia and the citizen of a state falls within the diversity jurisdiction of the federal courts. However, a suit between a state and a citizen of another state is clearly beyond the scope of section 1332(a)(1). *Ohio v. Wyandotte Chemical Corp.*, 401 U.S. 493, 498 n.3, 91 S.Ct. 1005, 28 L.Ed.2d 256 (1971). In *Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894), the Supreme Court declared:

> A state is not a citizen. And under the judiciary acts of the United States it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states, and that the circuit court of the United States has no jurisdiction of it, unless it arises under the constitution, laws, or treaties of the United States.

■ In contrast to the fifty states, cities, as municipal corporations, are subject to a different analysis. For the purpose of determining diversity of citizenship, political subdivisions are regarded as citizens of their respective states. *Illinois v. City of Milwaukee*, 406 U.S. 91, 97, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972); *Bullard v. City of Cisco, Texas*, 290 U.S. 179, 187, 54 S.Ct. 177, 78 L.Ed. 254 (1933). The District of Columbia argues that subsection (d) of section 1332 requires the Court to treat the District as a "State" for all diversity purposes. Defendants, on the other hand, note that the District has brought suit as a municipal corporation; accordingly, they contend, it should be regarded in the same manner as any other municipal corporation. Although the Court finds the analyses offered by both parties unsatisfactory, it is nonetheless persuaded that the District does not fall within the intended scope of section 1332(a)(1).

■ First, plaintiff's contention that subsection (d) of section 1332 establishes a general rule for judicial treatment of the District when diversity jurisdiction has been alleged is unsupported by the plain language of the statute. Subsection (d) was enacted to reverse the holding in *Hepburn & Dundas v. Ellzey*, 6 U.S. (2 Cranch.) 445,

2 L.Ed. 332 (1805). *See* 13 Wright & Miller's Federal Practice and Procedure § 3603 (1975). This decision had ruled that the District was not a state within the meaning of the judiciary acts and, thus, its residents could not benefit from a grant of diversity jurisdiction. Subsection (d), however, provides that the District of Columbia is a "State" wherever that term is used in section 1332. Thus, citizens of the District, like citizens of the states, are entitled to sue in diversity. Section 1332(a) does not mention the right of a state to sue in diversity and by the same turn, it is silent regarding the District's right. In sum, subsection (d) simply does not contain the sweeping language which plaintiff would have the Court adopt as a statutory interpretation. Accordingly, the Court declines to rule that subsection (d) provides a basis for treating the District of Columbia as the equivalent of state for the purpose of determining all diversity questions.

■ Defendants' contention that the District should be regarded as merely a municipal corporation is equally unacceptable. Defendants correctly note that by virtue of subsection (d), the District is a "State" under section 1332 and further that municipal corporations are deemed residents of their respective states. Relying on these two assertions, they submit that the District of Columbia, as a municipal corporation, is a citizen of the "State" entitled the District of Columbia. In other words, the District is a citizen of itself. The inscrutable—perhaps even mystical—nature of this conclusion is strong evidence of its unacceptability. Moreover, in *Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487, 15 S.Ct. 192, 39 L.Ed. 231 (1894), the Supreme Court reviewed section 1332(a)(1)'s grant of jurisdiction over suits between "citizens of different States" and it expressly rejected the notion that a state could be a "citizen" of itself. By parity of reasoning, the Supreme Court's approach compels the conclusion that the District of Columbia may not be deemed a "citizen" of itself. An examination of the Supreme Court's analysis in *Illinois v. City of Milwaukee*, 406

U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972) yields yet another reason for rejecting the defendants' approach. In *City of Milwaukee*, the Court explained, "It is well settled that for the purposes of diversity of citizenship, *political subdivisions* are citizens of their respective States." *Id.* at 97, 92 S.Ct. at 1390 (emphasis added). Yet, the municipal corporation entitled the District of Columbia is not a political subdivision of the District; the corporation and the District are one and the same. *Compare* D.C.Code § 1–101 (Supp. V 1978) *and id.* § 1–102(a). The rationale for treating a municipal corporation as a "citizen" of its chartering state has no relevance when that corporation is in reality an alter ego for the "State." Consequently, the District's appearance in this suit as a municipal corporation has no bearing on the subject matter jurisdiction of this Court. In its examination of the issue presented, the Court must therefore acknowledge the unique nature of the District.

Once the insignificance of the District's status as a municipal corporation has been established, the Court's lack of power under section 1332(a)(1) becomes clear. In essence, this Court is confronted with a statute which is completely silent regarding the status of the District of Columbia as a litigant with non-resident defendants. The Supreme Court has explained that "[t]he policy of the statute conferring diversity jurisdiction upon the district courts calls for its strict construction." *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942). Because the District is not designated as one of the parties included within Congress' grant of diversity jurisdiction, the Court holds that it is without a statutory basis for subject matter jurisdiction. Section 1332(a) simply fails to include the District within its sweep and it is beyond the power of this Court to alter that fact. Accordingly, neither the District nor those with whom it litigates may benefit from this Court's power over diverse parties.