Wayne Eugene PARKER, Plaintiff,

v.

DISTRICT OF COLUMBIA et al., Defendants.

Civ. A. No. 80–3013.

United States District Court,
D. C. District of Columbia.

May 19, 1981.

Warren K. Kaplan, Neil I. Levy, Jill R. Abeshouse, Washington, D. C., for plaintiff.

Judith W. Rogers, John H. Suda, Leonard B. Bren, Washington, D. C., for defendants.

## ORDER

JOYCE HENS GREEN, District Judge.

This matter is before the Court on the motion of the defendants to dismiss this action. For purposes of deciding this motion, the plaintiff's amended complaint is accepted as if it had been proved.

Plaintiff, a citizen of North Carolina, alleges that defendant Cecil R. Schoniwitz, an officer of the Metropolitan Police Department of the District of Columbia, on or about November 28, 1979, violated his constitutional rights in that defendant employed excessive, reckless, wanton, unreasonable and outrageous force upon plaintiff, inflicting severe and permanent injuries. The circumstances of this allegation are that the defendant Schoniwitz arrested the plaintiff for sexual solicitation and in the course of the arrest, plaintiff was injured to the point of becoming a complete quadra-

plegic. Plaintiff, in addition to asserting the officer's actions as violative of his civil rights, claims that the officer committed assault and battery upon him, that defendants Burtell M. Jefferson and the District of Columbia should be held liable for negligent supervision, and that defendant Schoniwitz acted negligently.

The defendants contend that the Court lacks jurisdiction over the subject matter of this cause of action and that the amended complaint fails to state a cause of action against defendant Jefferson.

■ Plaintiff alleges as jurisdictional bases for judicial action 28 U.S.C. §§ 1331, 1332, and 1343. Section 1331 jurisdiction is predicated on the presence of a cause of action arising under the Constitution, laws, or treaties of the United States. Two cases, *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) and *Payne v. District of Columbia*, 559 F.2d 809 (D.C.Cir. 1977), provide ample support for holding that jurisdiction vests over plaintiff's complaint. In both actions, plaintiffs alleged that their Fourth and Fifth Amendment rights had been violated and the district courts accepted jurisdiction to hear claims for damages resulting therefrom. *See also Love v. Budai*, No. 79–1551 (D.C.Cir., decided Dec. 4, 1980). In *Payne*, an off-duty District of Columbia policeman fired a weapon at plaintiffs who claimed that the officer was acting maliciously; the Court found that jurisdiction vested over the cause of action. Defendants argue that because the claim in this case could have been brought in Superior Court as a violation of local law, there is no federal jurisdiction. This argument ignores the well-accepted doctrine of pendent jurisdiction. *See, e. g., Hurn v. Oursler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Jurisdiction exists to hear plaintiff's claim for damages for violations of his constitutional rights alleged to have occurred, and over the related common law claims.

■ Defendants argue that the Court lacks diversity jurisdiction over at least one party, the District of Columbia, because it is not a citizen. It is well settled that a state is not a "citizen of a state." *See Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894). The diversity statute, 28 U.S.C. § 1332(d) specifically includes in the definition of "state" the District of Columbia. Plaintiff's suggestion that pendent party jurisdiction attaches to the District, however, applies to actions such as this where the claims against the parties derive from a common nucleus of operative fact. *Rieser v. District of Columbia*, 563 F.2d 462, 472, *vacated on other grounds*, 580 F.2d 647 (1978). Although the District maintains that it has no status as a citizen, that does not destroy the rule of complete diversity enunciated in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Jurisdiction over the District of Columbia is therefore proper under the diversity statute in this action. *See Twentieth Century Fox Film v. Taylor*, 239 F.Supp. 913 (S.D.N.Y. 1965).

■ Defendants further claim that the complaint fails to state a cause of action under 42 U.S.C. § 1983 because that statute was made applicable to the District of Columbia and its officials for causes of action accruing after December 29, 1979. *See* Pub.L.No. 96–170, 93 Stat. 1284 (1979), amending 28 U.S.C. § 1343 to define the District of Columbia as a "state" for purposes of this jurisdiction statute. Although plaintiff's injuries sustained on November 28, 1979 preceded the effective date of the amendment, plaintiff maintains that he continues to suffer a deprivation of rights, making § 1983 applicable. Plaintiff is attempting to avoid the clear intent of Congress to apply § 1983 only to occurrences after December 29, 1979. The plain meaning of the statute would extend the cause of action under § 1983 only to plaintiffs whose rights were deprived by some action under color of District of Columbia law that took place after the effective date. Any other analysis would leave the operative date of the amendment open-ended. Although it appears that plaintiff's precise

**12**

argument was not litigated, in *McCord v. Bailey*, 636 F.2d 606 (D.C.Cir.1980), an action by James McCord Jr. against his attorneys for malpractice and conspiracy to represent him incompetently and to deprive him of his civil rights, Circuit Judge Tamm noted that "[t]he amendment has no bearing on McCord's case, however, because McCord did not contend that any deprivation of his rights occurred after the effective date of the amendment, December 29, 1979." *Id.* at 612 n.9. Implicitly, the Court adjudged that § 1983 could not be applied to actions under color of District of Columbia law based on events or occurrences prior to December 29, 1979. The plaintiff avers only that his rights were violated in November, 1979, and that he continues to suffer the effects of that violation. Thus, § 1983 affords no basis for relief and 28 U.S.C. § 1343 is not a proper jurisdictional basis for the allegations in plaintiff's complaint.

Finally, the defendants claim that the cause of action should be dismissed against defendant Jefferson because he is not liable for the torts of fellow employees. This contention mischaracterizes plaintiff's argument, which does not rely on a theory of *respondeat superior* for a claim of liability against defendant Jefferson. Rather, plaintiff maintains that Jefferson was negligent in the hiring and supervision of other officials, despite his own lack of personal involvement in the conduct underlying this case. This theory is a well-accepted claim for relief, if, of course, it is proved. *See, e. g., Carter v. Carlson*, 447 F.2d 358, 368 (D.C.Cir.1971), *rev'd on other grounds* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973).

Accordingly, the plaintiff having stated a cause of action against all defendants sufficient to vest jurisdiction under 28 U.S.C. §§ 1331, 1332, and a cause of action having been stated against defendant Jefferson for negligent hiring and supervision of other officials, it is this 19th day of May, 1981,

ORDERED that the defendants' motion to dismiss the cause of action under 42 U.S.C. § 1983 be and it hereby is granted, and it is

FURTHER ORDERED that the remainder of defendant's motion to dismiss be and it hereby is denied.