**DISTRICT OF COLUMBIA, Plaintiff,**

v.

**OWENS–CORNING FIBERGLAS CORPORATION, et al., Defendants.**

**Civ. A. No. 85–140.**

United States District Court, District of Columbia.

March 13, 1985.

Jared H. Silberman, Asst. Corp. Counsel, Washington, D.C., for plaintiff.

John F. Mahoney, Jr., Washington, D.C., for Owens-Corning.

Timothy C. Russell, Thomas S. Schaufelberger, Washington, D.C., for Georgia Pacific.

William L. Gardner, Washington, D.C., for U.S. Gypsum.

Paul Wallach, Washington, D.C., for W.R. Grace Co.

## MEMORANDUM OPINION
## AND ORDER

STANLEY S. HARRIS, District Judge.

This suit involves a claim for damages allegedly sustained as a result of the use of defendants' asbestos products in plaintiff's public buildings and facilities. The suit was filed on December 14, 1984, in the Superior Court of the District of Columbia. Named as defendants were 41 identified companies and an additional 200 "John Doe" companies. This case is presently before this Court on defendants' January 14, 1985, petition to remove and on plaintiff's January 25 counter-motion to remand the case back to the Superior Court.[1]

The basic provision governing removal is 28 U.S.C. § 1441, which provides in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

---

1. Plaintiff's reply pleading was filed on March 1. The Court has expedited its consideration of this matter, in major part because of a discovery dispute arising from plaintiff's ongoing abatement of the presence of asbestos. The pleadings on that subject give hope that those problems may have been worked out voluntarily. If they have not been, an early resolution of the discovery problems will be necessary.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Removal from the Superior Court of the District of Columbia may be achieved in the same manner as actions removed from State courts. 28 U.S.C. § 1451.

The notion of removal is directly linked to original jurisdiction. The decisive issue is whether this Court has subject matter jurisdiction to entertain the claim. Defendants contend that this Court's subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 (diversity) and/or 28 U.S.C. § 1345 (agency of the United States). This Court disagrees, and grants the motion to remand.

### Diversity

■ The controlling issue is whether diversity exists between the District of Columbia and the citizens of the various states. Diversity jurisdiction exists when a suit is between citizens of different states.[2] Diversity jurisdiction does not exist when a suit is between a state and a citizen of another state.[3] *Ohio v. Wyandotte Chemicals Corp.*, 401 U.S. 493, 91 S.Ct. 1005, 28 L.Ed.2d 256 (1971). Municipalities are considered citizens of their respective states. *Illinois v. City of Milwaukee, Wisconsin*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972). Based on these well-established propositions, defendants argue that the plaintiff is a municipal corporation, and as such, is a citizen of the District of Columbia. Defendants' position is that complete diversity exists in that the District of Columbia is a citizen of itself and the defendants are citizens of other states.

■ This same argument previously has been advanced and was rejected by this Court. *District of Columbia v. L.B. Smith, Inc., of Virginia*, 474 F.Supp. 894 (D.D.C.1979); *see also Mann v. District of Columbia*, 742 F.2d 750 (3d Cir.1984). *L.B. Smith* involved a situation procedurally similar to the instant action. The defendant in that case sought to remove the action from the Superior Court of the District of Columbia, alleging subject matter jurisdiction here based on diversity. The Court, in granting plaintiff's motion to remand, stated in part:

> The rationale for treating a municipal corporation as a "citizen" of its chartering state has no relevance when that corporation is in reality an alter ego for the "State." Consequently, the District's appearance in this suit as a municipal corporation has no bearing on the subject matter jurisdiction of this court. [*L.B. Smith*, 474 F.Supp. at 897.]

This Court is unpersuaded by the defendants' argument in this case and finds no reason to deviate from the holding in *L.B. Smith*.[4] This Court's subject matter jurisdiction may not be based on a claim of diversity.

### District of Columbia as an Agency

Wholly apart from diversity, the defendants advance the novel contention that this Court's jurisdiction may be founded on 28 U.S.C. § 1345, which reads:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or offi-

---

**2.** Of course, there also is a requirement that the amount in controversy exceed $10,000. 28 U.S.C. § 1332(a).

**3.** For diversity purposes, the word "States" includes the District of Columbia. 28 U.S.C. § 1332(d).

**4.** Uniformly similar results have been reached by other judges of this Court in unreported orders, and by the United States Court of Appeals for the District of Columbia Circuit in an unreported judgment in *Stewart v. District of Columbia*, No. 77–1430 (Dec. 7, 1980).

cer thereof expressly authorized to sue by Act of Congress.

Defendants propose that, for the limited purpose of 28 U.S.C. § 1345, the District of Columbia should be categorized as an "agency" of the United States. The definition of agency is set forth in 28 U.S.C. § 451. It provides in part:

> The term "agency" includes ... any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.

*Government National Mortgage Association v. Terry,* 608 F.2d 614 (5th Cir.1979), is a case in which there was a genuine issue as to whether the plaintiff was a federal agency. The opinion in it sets forth the standards by which to evaluate agency status for § 1345 purposes. *Terry* lays out several factors a court may consider in order to make its determination as to whether the United States has the requisite proprietary interest in the entity such that an entity may be accorded agency status under Title 28. Applying those factors to the case at bar would call this Court to focus on the functioning, financing, and management of the District of Columbia, a detailed task which is unnecessary here.[5]

The District of Columbia functions as an independent municipal corporation with broad legislative powers over local matters. *Bradshaw v. United States,* 443 F.2d 759, 764 (D.C.Cir.1971); *Convention Center Referendum Committee v. District of Columbia Board of Elections & Ethics,* 441 A.2d 889, 903 (D.C.1981); D.C.Code § 1–102 (1981 ed.). It is true that the plaintiff's functions are of a governmental nature. However, they serve a primarily local proprietary interest rather than a federal or national proprietary interest.

■ The basic purpose of Congress in delegating certain legislative powers to the District of Columbia Government was to relieve Congress of the burden of legislat-

ing on matters essentially local in nature. *District of Columbia v. Washington Home Ownership Council,* 415 A.2d 1349, 1351 (D.C.1980) (en banc); *McIntosh v. Washington,* 395 A.2d 744, 753 (D.C.1978); D.C.Code § 1–201 (1981 ed.). Implicit in this delegation is Congress' recognition that even when it is exercising its legislative authority over the nation's capital, pursuant to Art. I, § 8, of the United States Constitution, it does so not with any federal interest in mind but instead while acting in its role as a local legislator. *District of Columbia v. Thompson,* 346 U.S. 100, 104–07, 73 S.Ct. 1007, 1009–11, 97 L.Ed. 1480 (1953). Thus, while the management of the District of Columbia ultimately may rest with Congress, the recipient of the proceeds of this management is the locality of the District of Columbia. (This is particularly true with respect to the public buildings and facilities involved here, all of which are owned and operated by the District of Columbia.) This is to be contrasted with *Terry,* in which the benefits of Congress' management of the Government National Mortgage Association were felt on a national level.

■ Upon consideration of these factors, and of the others set forth in detail in the pleadings filed on behalf of the District of Columbia, the Court declines to adopt defendant's unrealistic proposition that the United States Government has the proprietary interest in the District of Columbia necessary under 28 U.S.C. § 451 to place the District of Columbia in a federal agency status within the contemplation of 28 U.S.C. § 1345. The jurisdictional basis of this suit thus also may not be founded on that section.

### Conclusion

For the foregoing reasons, the Court concludes that jurisdiction is lacking here, and that the removal was improvident. The case, including a certified copy of this

---

5. In *Terry,* "Ginnie Mae" was represented by attorneys from the Civil Division of the Department of Justice, another factor reflective of its federal status. Here, of course, the District of Columbia is represented by its Corporation Counsel's office.

Memorandum Opinion and Order, is remanded to the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1447(c). Defendants shall pay the plaintiff just costs as determined by the Clerk of this Court.

SO ORDERED.