**Sylvia Y. CHRISTMAS, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY and District of Columbia, Defendants.**

**Civ. A. No. 85–2271.**

United States District Court,
District of Columbia.

Oct. 29, 1985.

Jeffrey G. Ashin, Hyattsville, Md., for plaintiff.

Maria Merkowitz, Asst. Corp. Counsel, Washington, D.C., for Dist. of Col.

Jordan Himelfarb, Washington, D.C., for WMATA.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Before the Court is defendant District of Columbia's motion to dismiss plaintiff's suit against it for lack of subject matter jurisdiction. Plaintiff Sylvia Y. Christmas concedes that there is no diversity between herself and defendant, but urges the Court to exercise pendent jurisdiction over her claims. For the reasons set forth below, the Court grants defendant's motion and dismisses the case in its entirety.

This case arises from an automobile collision involving plaintiff and a District of Columbia police vehicle. Ms. Christmas alleges that on the morning of October 14, 1983, a police vehicle driven by Officer Stanley Wigenton, an employee of defendant, ran a stop sign at the intersection of Webster and 9th Streets, N.W., and struck her car, causing her severe and permanent injury. She brought suit in this Court on July 16, 1985, against the District of Columbia and the Washington Metropolitan Area Transit Authority ("WMATA"), claiming that Officer Wigenton operated his vehicle negligently, and that a WMATA employee had contributed to the accident by parking a bus near the intersection of 9th and Webster, thereby blocking Wigenton's view of the stop sign.

Plaintiff, a resident of the District of Columbia, acknowledges that there is no diversity between herself and the District of Columbia government. States are not "citizens" for purposes of federal diversity jurisdiction under 28 U.S.C. § 1332, *see Moor v. Alameda County*, 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973), and the diversity statute itself provides that the District of Columbia is to be treated as a state. 28 U.S.C. § 1332(d) (1982). Thus, "[s]ection 1332(a) simply fails to include the District of Columbia within its sweep," and does not confer jurisdiction upon this Court to hear a case brought by a resident against the city. *District of Columbia v. L.B. Smith, Inc., of Virginia*, 474 F.Supp. 894, 899 (D.D.C. 1979).

█ Plaintiff nevertheless argues that because this Court has jurisdiction over defendant WMATA under D.C. Code § 1–2439 (1981), it may exercise ancillary jurisdiction over plaintiff's claim against the city. Plaintiff, however, misconceives the scope of ancillary and pendent jurisdiction. "Ancillary jurisdiction generally refers to the exercise of federal jurisdiction over state law claims between non-diverse parties, when those claims are brought ... in an action *already properly within a federal court's jurisdiction.*" *United States ex rel. Small Business Administration v. Pena*, 731 F.2d 8, 11 (D.C.Cir.1984) (emphasis supplied); *see also Fulton Bank v. Hozier*, 267 U.S. 276, 280 (1925) ("when a federal court has *properly acquired jurisdiction* over a cause, it may entertain ... dependent or ancillary controversies") (emphasis supplied). In other words, original jurisdiction must exist over each defendant before a federal court may exercise ancillary jurisdiction over nonfederal claims asserted against a given defendant. That is not the case here. Plaintiff's state law negligence claim is not ancillary to other claims against the city over which the Court does have jurisdiction. Rather, plaintiff's negligence claim is the *sole* controversy before the Court. This case is quite unlike *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), therefore, where the plaintiff sued a non-diverse defendant asserting both violations of a federal statute and a state law claim for unlawful conspiracy. There, the federal court had federal question jurisdiction under 28 U.S.C.

§ 1331 to hear plaintiff's statutory claim against the defendant, and the Supreme Court recognized the court's authority to hear the state law claim as well, since it was based on the same common nucleus of operative fact as the statutory claim. Here, there is no independent basis of jurisdiction over the city. The mere fact that the Court has jurisdiction over plaintiff's claim against WMATA, and that this claim is based on the same operative facts as plaintiff's claim against the city, is insufficient to confer upon the Court jurisdiction over the city.

Indeed, if plaintiff's argument were accepted, the limitations of diversity jurisdiction would become largely meaningless. If plaintiff, for example, had collided with a citizen of Virginia and a resident of the District of Columbia, it is clear that she could not sue the District of Columbia resident for lack of diversity. But under plaintiff's theory of ancillary jurisdiction, she could sue the Virginia citizen and then maintain suit against the District of Columbia resident as ancillary to the diversity suit. This clearly is not the law. In *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the Supreme Court emphatically rejected the notion that a finding that non-federal and federal claims derived from a common nucleus of fact was by itself sufficient to warrant the exercise of federal jurisdiction over the non-federal claim. *Id.* 374–75, 98 S.Ct. at 2402–03. The Court stated that "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant," noting that in the case before it, "respondent could not originally have brought suit in federal court naming [the appellants] as codefendants, since citizens of Iowa would have been on both sides of the litigation." *Id.* at 374, 98 S.Ct. at 2403. So too, here, plaintiff is attempting to sue two parties, one of whom is not a diverse citizen under the diversity statute. *Owen Equipment* makes clear that this Court may not entertain such a suit against the non-diverse party.

In essence, plaintiff has advanced a "pendent party" theory of jurisdiction. Whatever the merits, or lack thereof, of this theory generally, *see* Wright, *Law of Federal Courts* 142–43 & n. 36 (1983), it is not applicable here. In *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Supreme Court considered whether a plaintiff who had brought a federal civil rights claim against county officials could also bring a state law claim against the county itself. There was no independent basis of jurisdiction over the county, as it was not diverse from plaintiff and fell outside the reach of the Civil Rights Act of 1871, as that Act was then interpreted. Refusing to formulate a general jurisdictional rule, the Court looked to the statute that conferred jurisdiction over the main action to see if Congress had intended to confer jurisdiction over pendent parties involved in the common nucleus of operative facts but not otherwise within the federal court's jurisdiction. The Court concluded Congress had no such intent when it passed the Civil Rights Act, and indeed, had intended to exclude counties from its reach.

In the present case, the *Aldinger* analysis lends further support to the city's claim that it may not be sued by plaintiff in this Court. Section 1–2439 of the D.C.Code confers jurisdiction on federal district courts, as well as the courts of Maryland and Virginia, to hear cases involving WMATA, a creature of the Washington Metropolitan Regional Transportation Compact, which includes Virginia, Maryland and the District of Columbia. *See* D.C. Code § 1–2411 (1981). Were it not for section 1–2439, WMATA could not be sued in federal court by those most likely to come in contact with it—the citizens of Virginia, Maryland and the District of Columbia—since the authority is an instrumentality of those states and thus would not be diverse from such plaintiffs. Section 1–2439, therefore, is designed to overcome the obstacles to diversity jurisdiction posed by WMATA's unique character. It is thus an exception to the normal requirements of the federal diversity statute, and as such

should be narrowly construed. It is inconceivable that Congress intended through section 1–2439, to grant federal courts jurisdiction over the District of Columbia in cases where the city and WMATA are involved in automobile collisions with private parties. If this were Congress' aim, it could simply have altered the federal diversity statute to permit suits against the city directly. Instead, the diversity statute expressly provides that the District of Columbia is to be treated like states for purposes of diversity, and of course states are not "citizens" within the meaning of the statute. 28 U.S.C. § 1332(a), (d) (1982). Nothing in section 1–2349, which is addressed to the narrow jurisdictional problems raised by an interstate compact, suggests that it supersedes the provisions of the federal diversity statute. The Court therefore concludes that it lacks jurisdiction over the District of Columbia and must dismiss plaintiff's claim against it.

■ Having dismissed the District of Columbia from the case, the Court must determine whether the city is an indispensable party within the meaning of Rule 19(b) of the Federal Rules of Civil Procedure, and whether, in equity and good conscience, the action should proceed in its absence. Plaintiff alleges that the city's employee, Officer Wigenton, operated his vehicle negligently, failed to keep a lookout, and ran a stop sign, thereby causing the collision with plaintiff. Plaintiff also alleges that a WMATA employee negligently parked a bus near the intersection blocking Officer Wigenton's view of the stop sign and thereby proximately causing him to collide with plaintiff. Complaint at 2–3. A recitation of the alleged facts makes clear that the case cannot be tried without the city. Its employee is one of two principal alleged tortfeasors in the case, and a judgment rendered in its absence would likely prejudice one or all of the parties. If the case is dismissed, on the other hand, plaintiff may file suit in the District of Columbia Superior Court where jurisdiction is proper for all parties. Thus it is clear plaintiff has an adequate remedy if her suit is dismissed.

For all the foregoing reasons, the case is hereby dismissed.