### Suzanne ACORD, Plaintiff,

### v.

### McLAUGHLIN CONSTRUCTION MANAGEMENT CORPORATION, et al., Defendants.

### Civ. A. No. 85–0913.

United States District Court, District of Columbia.

Nov. 1, 1985.

Patrick M. Regan, Washington, D.C., for plaintiff.

James C. Gregg, D'Ana E. Johnson, Mac-Leay & Lynch, P.C., Washington, D.C., for McLaughlin Const. Mgmt. Corp. and Mellon Stuart Co.

William J. Hickey, Donahue, Ehrmantraut & Montedonico, Rockville, Md., for Schuberth Corp.

John H. Suda, Acting Corp. Counsel, Martin L. Grossman, Deputy Corp. Counsel, Civil Div., Roberta L. Gross, Asst. Corp. Counsel, Chief, Gen. Litigation Section I, and Colin C. Carriere, Asst. Corp. Counsel, Washington, D.C., for District of Columbia.

L. Palmer Foret, Carr, Goodson & Lee, P.C., Washington, D.C., for V.V.K.R. and Devroux & Purnell.

John O. Easton, Jordan, Coyne, Savits & Lopata, Washington, D.C., for Robert T. Coles Architect.

John Jude O'Donnell, Randall Norton, Thompson, Larson, McGrail, O'Donnell & Harding, Washington, D.C., for Sherman R. Smoot Co., third-party defendant.

## MEMORANDUM

OBERDORFER, District Judge.

This action is brought for negligence, breach of warranty and strict liability against a number of defendants for an alleged construction site accident which occurred in the District of Columbia. One defendant, the District of Columbia, has filed a motion to dismiss, arguing that this Court lacks jurisdiction over it as a defendant.

■ The federal diversity jurisdiction statute provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state; and

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a) (1982). Section 1132(d) specifically provides that "[t]he word 'States,' as used in this section includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." A "State" is not a "citizen" for purposes of federal diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973). Consequently, federal diversity jurisdiction does not exist between the District of Co-

lumbia and a citizen of another state. *Mann v. District of Columbia*, 742 F.2d 750 (3d Cir.1984); *Stewart v. District of Columbia*, 589 F.2d 1116, unpublished judgment (D.C.Cir.1978); *Davis v. District of Columbia*, No. 84–3015, slip op. (D.D.C. 1984); *Daley v. District of Columbia*, No. 82–1245, unpublished order (D.D.C.1982); *District of Columbia v. L.B. Smith, Inc.*, 474 F.Supp. 894 (D.D.C.1979).

■ Plaintiff does not claim that federal diversity jurisdiction under 28 U.S.C. § 1332(a) exists between herself and the District of Columbia. She claims, however, that she can add the District of Columbia to her complaint as a "pendent party."

The Supreme Court in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), distinguished between pendent claim jurisdiction as authorized in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and pendent party jurisdiction:

The situation with respect to the joining of a new party, however, strikes us as being both factually and legally different from the situation facing the Court in *Gibbs* and its predecessors. From a purely factual point of view, it is one thing to authorize two parties, already present in federal court by virtue of a case over which the court has jurisdiction, to litigate in addition to their federal claim a state-law claim over which there is no independent basis of federal jurisdiction. But it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant "derive from a common nucleus of operative fact." [*Gibbs, supra*, 383 U.S. at 725, 86 S.Ct. at 1138]. True, the same considerations of judicial economy would be served insofar as plaintiff's claims "are such that he would ordinarily be expected to

try them all in one judicial proceeding...." *Ibid.* But the addition of a completely new party would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress.

427 U.S. at 14–15, 96 S.Ct. at 2420–21. In order for a federal court to exercise jurisdiction over a "pendent" party:

> a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.

*Id.* at 18, 96 S.Ct. at 2422.

The Supreme Court in *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), held that a federal court cannot assert jurisdiction over a pendent party where the party is a *citizen* and the addition would destroy complete diversity. The *Kroger* court found that by requiring complete diversity in the statute, Congress had implicitly negated jurisdiction between nondiverse parties. According to the *Kroger* court:

> Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship. "The policy of the statute calls for its strict construction." ... To allow the requirement of complete diversity to be circumvented as it was in this case would simply flout the Congressional command.

437 U.S. at 377, 98 S.Ct. at 2404 (citations omitted) (footnote omitted).

Plaintiff argues that a different result should be reached in this case because the party she seeks to add is not a citizen, but is a "stateless" party. *See Rieser v. District of Columbia*, 563 F.2d 462, 470 (D.C. Cir.1977), *vacated, reinstated in part*, 580 F.2d 647 (D.C.Cir.1978) (en banc).[1] The

*Rieser* case relied upon by plaintiff had analyzed the legislative history and concluded that Congress had not implicitly negated the existence of pendent party jurisdiction over the District of Columbia in an action where federal jurisdiction is based on diversity. The decision was vacated, and upon rehearing *en banc* the Court did not reach the issue of the District of Columbia's status as a pendent party. In a long footnote, however, the Court of Appeals discussed the issue:

> Assuming that Congress neither authorized nor expressly rejected such jurisdiction, however, the question of negation "by implication" remains. As to that question, commentators have wondered at the curious task put by *Aldinger* of deciding when Congress, by *failing to extend* federal jurisdiction over certain parties, nonetheless did not intend implicitly to *negate* jurisdiction over them. *See, e.g.*, Note, *Law-Tied Pendent Jurisdiction Gibbs and Aldinger Reconsidered*, 87 Yale L.J. 627, 646–47 (1978). In any case, some post-*Aldinger* courts and commentators have found the requisite negative intent as to parties who do not meet one of the requisites of the federal diversity statute, *Fawvor v. Texaco, Inc.*, 546 F.2d 636 (5th Cir.1977); Note, *Aldinger v. Howard and Pendent Jurisdiction*, 77 Colum.L.Rev. 127, 147 & n. 107; Note, 55 Texas L.Rev. 941, 949–50 (1977), and in other situations where legislative negation of jurisdiction is hardly express, *Aldamuy v. Pirro*, 436 F.Supp. 1005 (N.D.N.Y.1977); *Long Prarie Packing Co. v. Midwest Emery Freight System*, 429 F.Supp. 201 (D.Mass.1977). On the other hand, the legislative intent, discussed in note 7 *supra*, behind the 1948 revision of 28 U.S.C. § 1332, although clearly aimed at negating all diversity jurisdiction over suits against states and territories, is

---

1. The case cited by the *Rieser* court in support of this theory, *Twentieth Century Fox Film Corp. v. Taylor*, 239 F.Supp. 913 (S.D.N.Y.1965), is inapposite. First, in that case there was no diversity of citizenship, so the issue was whether plaintiff alleged a "separate and independent claim" under 28 U.S.C. § 1441(c), the federal statute governing removal. Second, to the extent that *Taylor* found broad federal jurisdiction, it was disapproved in *Gardner & Florence Call Cowles Foundation v. Empire Inc.*, 754 F.2d 478, 482 n. 5 (2d Cir.1985).

silent as to any like intent regarding the District of Columbia.

580 F.2d at 653 n. 8 (citation omitted). Footnote 7 of the *Rieser* decision noted:

> [A]lthough the words of the revised statute appear to put the District, as well as the territories and Puerto Rico, on a par with the states—unless the *municipality* of the District of Columbia is deemed a citizen of the federally controlled geographical entity by the same name ...— the history of the modern provision is arguably silent as to the District's potential status as a diversity litigant.

*Id.* at 653 n. 7.

The *en banc* Court of Appeals in *Rieser* thus hinged the resolution of this pendent party issue on the District of Columbia's status as a diversity litigant. Since *Rieser*, however, our Court of Appeals has summarily affirmed a District Court's dismissal of an action because the District of Columbia was not a proper defendant under § 1332.[2] *Stewart v. District of Columbia, supra.* Since the Court of Appeals' affirmance, other District of Columbia District Courts have followed suit. *Davis v. District of Columbia, supra; Daley v. District of Columbia, supra; District of Columbia v. L.B. Smith, Inc., supra.* This issue decided, the vacated decision in the original *Rieser* case should no longer be controlling.[3] *But see Biscoe v. Arlington County*, No. 80–0766, slip op. (D.D.C. 1981).[4]

Under the theory enunciated in *Kroger, supra*, there appears little basis for the distinction pressed by plaintiff.[5] Both of the factors found important by the *Kroger* court are present in this case. First, the claim asserted against the District of Columbia is not ancillary in the sense of being logically dependent, but is in fact "new and independent." 437 U.S. at 376, 98 S.Ct. at 2404. Second, "the nonfederal claim here was asserted by the plaintiff, who voluntarily chose to bring suit upon a state-law claim in a federal court." *Id.* Plaintiff "cannot complain" that jurisdiction is limited, since she "has chosen the federal rather than the state forum and must thus accept its limitations." *Id.*[6]

In *Aldinger, supra*, as well as in *Kroger*, the Supreme Court found that Congress had by implication negated the existence of jurisdiction over non-diverse parties. 427 U.S. at 19, 96 S.Ct. at 2422. The Court found this implicit negation because Congress specifically listed the parties between whom diversity jurisdiction should exist. Why a court should distinguish between one requirement—that citizens be from dif-

---

**2.** The plaintiff in *Rieser* argued four theories of jurisdiction to the *en banc* Court of Appeals. The first was "simple diversity jurisdiction under 28 U.S.C. § 1332." *Rieser*, 580 F.2d at 653. It is telling that in this action plaintiff does not argue this point but relies only on the theory of pendent party jurisdiction.

**3.** The original *Rieser* Court, however, did not find this issue dispositive. 563 F.2d at 472. The *en banc* Court of Appeals in *Rieser* arguably did. 580 F.2d at 653 n. 8.

**4.** In *Biscoe*, plaintiffs brought a damage action for injuries sustained from an automobile accident. Jurisdiction in federal court was by diversity. The District of Columbia was named as a defendant, and brought a motion to dismiss arguing that the Court lacked jurisdiction over it. Plaintiffs relied on the doctrine of pendent party jurisdiction. The District Court in *Biscoe* adopted the reasoning of the original *Rieser* decision and denied the motion to dismiss.

**5.** In fact, a different distinction accords more with the rationale of *Kroger*. *See* C. Wright, A.

Miller & E. Cooper, 13B Federal Practice and Procedure § 3567.2 at 153 (2d ed. 1984) (footnote omitted):

> The meaning of "amount in controversy" in § 1332 raises one question, the meaning of "between citizens of different states" in the same statute raises a different question, and the permissible scope of cases "arising under" federal law within the Constitution and § 1331 raises still a third question. The considerations for allowing "pendent parties" in a federal question case may well be more compelling than for doing so when the only effect is to broaden the scope—and attractiveness—of diversity jurisdiction.

**6.** *See also Kessler v. The Lincoln National Life Insurance Co.*, 620 F.Supp. 252 (D.D.C.1985):

> [W]hatever may be the attractions for [innovative counsel] of federal courts in matters of this kind, state courts can take initiatives and provide remedies not available in federal court.

ferent states—and another—that citizens cannot sue states under diversity jurisdiction—is unclear. The intent of Congress is clear in either case—to limit federal court jurisdiction to those situations specifically enumerated in the statute.

The analysis in *Aldinger* and *Kroger*, as opposed to the vacated reasoning of *Reiser* should control. Accordingly, an accompanying order will grant defendant's motion to dismiss.