**Pauline B. KLAHR, et al., Plaintiffs,**

v.

**The DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. A. No. 85-0780.**

United States District Court, District of Columbia.

Dec. 19, 1986.

Roger C. Johnson, Koonz, McKenney & Johnson, Washington, D.C., for plaintiffs.

Domenique Kirchner, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

Plaintiffs Pauline B. Klahr and Kathleen B. Weinraub bring this wrongful death action against the District of Columbia, its mayor and other officers, and others. They claim that the District and its officers negligently failed to supervise a resident of a "halfway house," who allegedly robbed and murdered plaintiffs' next of kin. Plaintiffs bring this action pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332, and they allege that "pendent party" jurisdiction exists over the District of Columbia. The defendants have moved to dismiss on various grounds, among them that this Court lacks both diversity and pendent jurisdiction. The Court agrees with these defendants, and this case will accordingly be dismissed.

Federal courts may exercise pendent party jurisdiction when three requirements are met. First, the addition of the pendent party must not destroy complete diversity. *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Second, the pendent claim must be derived from the same nucleus of operative facts as the main claim, such that plaintiff would ordinarily be expected to try them in one proceeding. *United Mine Workers v. Gibbs*, 383 U.S.

---

715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Third, there can be no explicit or implicit negation of pendent party jurisdiction by the Congress. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).

The primary question in this case is whether or not the addition of the District of Columbia as defendant destroys complete diversity. Plaintiffs are, respectively, citizens of Virginia and Ohio. With the exception of the District itself, all defendants are citizens of either Maryland or the District of Columbia. Plaintiffs argue that "diversity would be destroyed only upon the showing that the defendant District of Columbia is a citizen of either Virginia or Ohio," which of course is impossible. They further assert that since the District of Columbia is a "stateless party," its addition as a defendant does not destroy complete diversity. They find support for this latter theory primarily in *Rieser v. District of Columbia,* 563 F.2d 462 (D.C.Cir.1977), *vacated, reinstated in part,* 580 F.2d 647 (D.C.Cir.1978) (en banc). Indeed, the first *Rieser* decision—which has been the subject of some controversy—concluded that Congress had not negated the existence of pendent party jurisdiction over the District of Columbia in an action where federal jurisdiction is based on diversity.

The precedential value of that decision is now questionable at best. First, the decision was vacated, and on rehearing *en banc,* the court did not reach the pendent party issue. Thus, the first *Rieser* decision is not controlling precedent. Second and more importantly, the consensus of the courts in this jurisdiction is now that the District of Columbia cannot properly be joined in diversity suits brought by the citizens of by one or more of the fifty states. *See, e.g., Acord v. McLaughlin Construction Management Corp.,* 621 F.Supp. 971 (D.D.C.1985); *District of Columbia v. Owens-Corning Fiberglass Corp.,* 604 F.Supp. 1459 (D.D.C.1985); *District of Columbia v. L.B. Smith, Inc.,* 474 F.Supp. 894 (D.D.C.1979). Other decisions have held in more general terms (for example, where plaintiffs might reside in the District) that the District of Columbia is not a proper defendant in diversity cases at all, *see, e.g., Mann v. District of Columbia,* 742 F.2d 750 (3d Cir.1984), a position summarily affirmed by the Court of Appeals for this Circuit in *Stewart v. District of Columbia,* 589 F.2d 1116 (D.C.Cir.1978). If the District is not a proper diversity defendant, then it is difficult to see how the first requirement of pendent party jurisdiction—that joinder of the defendant not defeat complete diversity—could be met. The rule of complete diversity means not only that no plaintiff and defendant come from the same state, but more fundamentally that "where more than one plaintiff sues more than one defendant and the jurisdiction rests on diversity of citizenship, each plaintiff must be capable of suing each defendant." C. Wright & A. Miller, *Federal Practice and Procedure* § 3605 (1984). The wisdom of this rule has been debated for 180 years, but the rule stands.

The case that may be most closely on point is *Acord v. McLaughlin Construction Management Corp.,* 621 F.Supp. 971 (D.D.C.1985). In *Acord,* plaintiff sued various parties, including the District of Columbia, for various tort relief arising from a construction accident. Plaintiff conceded that no diversity jurisdiction existed between herself and the District; instead, she claimed that she could add the District as a pendent party. The *Acord* court ruled that whether pendent party jurisdiction or diversity jurisdiction exists in such a case is essentially the same question, and it granted the District's motion to dismiss. The court stated that plaintiff could not complain that federal jurisdiction was limited, since she had chosen the federal rather than the state forum, and further that Congress' clear intent in enacting the diversity statute was to limit jurisdiction to those situations specifically enumerated in the statute. *Id.* at 974–75. Neither proposition is in any way novel, and both apply equally well to this case. *See also, Christmas v. Washington Metropolitan Area Transit Authority,* 621 F.Supp. 355 (D.D. C.1985).

In short, although there are decisions to the contrary, *see e.g.*, *Biscoe v. Arlington County*, No. 80–0766 (D.D.C. Aug. 5, 1983); *Parker v. District of Columbia*, 515 F.Supp. 10 (D.D.C.1981), the Court is persuaded that *Acord* is most consistent with the will of Congress and the general law on this subject.

The dismissal of this case will not leave plaintiffs without a forum in which to pursue their claim, for they can sue in the Superior Court of the District of Columbia. Indeed, dismissal will leave a difficult and unresolved question of local law—whether the District and its officers should be held liable for negligent supervision when a resident of a halfway house escapes and commits a crime—to the forum that may be most capable of resolving it. *See, e.g.*, *Barnes v. District of Columbia*, 611 F.Supp. 130, 136 (D.D.C.1985).

This action will accordingly be dismissed for want of subject matter jurisdiction.